IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES R. BLACKMON, | ) |
| | ) No. 14-cv-0184 |
| Claimant, | ) |
| | ) Magistrate Judge Jeffrey T. Gilbert |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an Application for Attorneys' Fees Under the Equal Access for Justice Act [ECF No. 36]. On January 10, 2014, Claimant James Blackmon filed a complaint for judicial review of an administrative decision [ECF No. 1] denying his applications for disability insurance benefits and supplemental security income. On June 21, 2106, this Court issued a Memorandum Opinion and Order [ECF No. 34] remanding this case to the Social Security Administration for further explanation. On September 16, 2016, Claimant filed the instant Application Attorneys' Fees Under the Equal Access for Justice Act ("EAJA"), seeking attorneys' fees in an amount of $4,332.26. On October 5, 2016, the Commissioner filed a response [ECF No. 39] opposing an award of fees and arguing that her position was substantially justified. On October 11, 2016, Plaintiff filed her reply [ECF No. 40]. This matter is ripe for decision.

The EAJA provides that a court shall award attorney fees to a "prevailing party" in a civil action against the United States that is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark*

*Const. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). In this case, it is uncontested that Claimant filed the instant application for attorney's fees in a timely manner and that Claimant is a prevailing party because the Court reversed and remanded the Commissioner's decision in its June 21, 2016 Memorandum Opinion and Order [ECF No. 34]. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993); *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011).

The Commissioner, however, argues that her position was substantially justified, precluding an award of attorneys' fees under the EAJA in this case. *See* 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough, v. Principi*, 541 U.S. at 405; *Hallmark Constr.*, 200 F.3d at 1078-79. It is the Commissioner's burden to prove that her position was "substantially justified" in law and fact at both the administrative and court stages of adjudication. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Commissioner, I.N.S. v. Jean*, 110 S. Ct. 2316, 2319 n.6 (1990); *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991). In determining whether the Commissioner's position was substantially justified, a court is to consider both the denial of benefits at the administrative level and the Commissioner's defense of that denial before the Court. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). A position "is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Accordingly, even a position that was unsuccessful on the merits may have been substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 569 (1987

A determination of whether the Commissioner's position is substantially justified is within the discretion of a district court, and is "not susceptible to a firm rule or even a 'useful generalization.'" *Bassett v. Astrue,* 641 F.3d at 859 (citing *Underwood,* 487 U.S. at 561–62). However, existing case law provides some guidance. An ALJ's failure to articulate her reasoning generally by itself is not reason to find the Commissioner's position not substantially justified. *See Bassett v. Astrue,* 641 F.3d at 859-60 ("[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified – something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis."); *Cunningham v. Barnhart,* 440 F.3d 862, 865 (7th Cir. 2006) (finding the Commissioner's position substantially justified despite the ALJ's failure to "connect all the dots in his analysis" of the plaintiff's credibility).

A district court should determine whether the Commissioner's overall position, not just its position related to the issues on which the court granted remand, was substantially justified. *See Stewart v. Astrue,* 561 F.3d 679, 683-84 (7th Cir. 2009) ("EAJA fees are not determined by the number of successful arguments, but a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified."). A position is less likely to be justified, however, if "the ALJ and Commissioner violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations" or if the ALJ committed numerous errors in denying benefits. *Golembiewski,* 382 F.3d at 724. Additionally, "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Id.*

The Court finds that the Commissioner's position was not substantially justified in this case. Lack of substantial justification is shown by the fact that ALJ did not comply with Social

Security Rule ("SSR") 96-7p, now superseded by SSR 16-3p, in explaining how she evaluated Claimant's credibility. [ECF No. 34, at 5-6]. In particular, contrary to this Circuit's case law, the ALJ relied on Claimant's sparse treatment without determining whether there were good reasons for Claimant's infrequent treatment. *See Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008); SSR 16-3p; [ECF No. 34, at 6]. The ALJ also failed to give good reasons for affording little weight to the medical opinion of Claimant's treating physician Dr. Crawford. [ECF No. 34, at 8]; *see also* 20 C.F.R. §404.1527.

The Commissioner argues that a run-of-the-mill articulation error is not sufficient to make her position unjustified, relying upon *Bassett v. Astrue*, 641 F.3d 857 (7th Cir. 2011) and *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006). However, this case is readily distinguishable from the cases cited by the Commissioner, and the Court finds that the ALJ's errors exceeded a mere lack of articulation. In *Bassett*, the Seventh Circuit held that the ALJ's error did not taint the Commissioner's position because "in making this mistake the ALJ did not ignore, mischaracterize, selectively cite, or otherwise bungle a significant body of relevant evidence." *Bassett*, 641 F.3d at 860; *see also Golembiewski v. Barnhart*, 382 F.3d 721, 724–725 (7th Cir.2004) (reversing denial of fee request because the government mischaracterized medical evidence and ignored other significant evidence concerning plaintiff's limitations). In *Cunningham*, the Seventh Circuit applied similar reasoning. 440 F.3d at 864–865.

In this case, however, as discussed in greater detail in the Court's Memorandum Opinion and Order remanding the case for further proceedings, the ALJ did not merely fail to articulate her analysis, but also mischaracterized or overstated evidence, including an erroneous assertion that Claimant's ability to ambulate without a cane at a slower pace somehow undercut his assertion that he uses a cane to reduce pain to his left ankle. *See* [ECF No. 34, at 5-6.] The ALJ

4

also ignored testimony regarding the side effects of Claimant's medication. [ECF No. 34, at 5.] The Court also noted that the ALJ selectively cited "only the medical evidence favoring the denial of benefits." [ECF No. 34, at 9.] These are exactly the type of errors that are contrary to "clearly established statutory and court precedent," indicating that the Commissioner's position before the agency was not substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

For all of these reasons, the Court grants Claimant's Application for Attorneys' Fees Under the Equal Access for Justice Act [ECF No. 36] and awards his attorneys $4,332.26 in attorneys' fees as requested.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 30, 2017